UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GORDON BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11-CV-621 |
| v. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| PAIGE VON HOFFMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Compel Discovery [Doc. 42]. The parties appeared before the Court on August 8, 2013, to address the Motion for Discovery. Attorney John Eldridge was present representing the Defendant. Plaintiff Gordon Ball[1] was present representing his interests *pro se*.

In the Motion to Compel, the Defendant moves the Court to compel the Plaintiff to provide a medical records release that complies with HIPAA and to provide drafts of the parties' Marital Dissolution Agreement.

**A.    The HIPAA Release**

Defendant maintains that she needs the HIPAA release to obtain the Plaintiff's prescription records from pharmacies. Defendant theorizes that the Plaintiff was under the influence of prescription drugs that may have altered his perception and memory. Defendant argues that these records are relevant to the issues of this case, because they may corroborate the

---

[1] In addition to being a party to this case, Mr. Ball is a licensed attorney admitted to practice in the Eastern District of Tennessee.

Defendant's position that she did not have a relevant conversation with the Plaintiff. Specifically, Defendant argues that the information may be relevant to determining the reliability of Plaintiff's recollection that "Defendant, in a late night conversation, admitted to committing adultery during the course of the marriage." [Doc. 42 at 1].

The Plaintiff responds that the HIPAA release sought by the Defendant was too broad in scope. Further, he argues that the Defendant's request is untimely.

At the hearing, counsel for the Defendant confirmed that whether the Defendant committed adultery during the parties' marriage is no longer an issue for decision in this case. Instead, the parties will ask the finder of fact to determine if the Defendant had sex with a man other than the Plaintiff during the parties' engagement. [See Pretrial Order, Doc. 54 at 3].

The only basis the Defendant supplied for seeking the HIPAA release and prescription information was that it may be relevant to determining the reliability of the Plaintiff's recollection of statements made about alleged infidelity *during the marriage*. The Court finds infidelity *during the marriage* is no longer an issue in this case. As such, the Court finds that the Plaintiff has failed to demonstrate that the information sought through the HIPAA release is either relevant to the case or discoverable. Accordingly, the undersigned finds that the request that the Court compel the Plaintiff to execute a HIPAA release is not well-taken. It is **DENIED**.

B.   The Draft of the Marital Dissolution Agreement

Defendant also seeks drafts of the parties' Marital Dissolution Agreement. Defendant argues that any such drafts would offer the trier of fact insight into the intent of the parties in executing the Marital Dissolution Agreement. Defendant states that the Plaintiff agreed to produce drafts of the Marital Dissolution Agreement.

Plaintiff responds that he has looked for drafts of the Marital Dissolution Agreement, and he has found none. Plaintiff contends that he stated he would look for such drafts, and having done so, he has fulfilled his representation to Defendant's counsel.

The Court has reviewed the portion of Plaintiff's deposition wherein Plaintiff is asked if he has a draft of the Marital Dissolution Agreement. [Doc. 38-5 at 52]. He responds, "I don't know. I would have to search." [Id.]. Plaintiff is then asked if he would search, and he agrees to search. [Id.].

The Court finds that the Plaintiff did not represent that drafts of the Marital Dissolution Agreement existed. He represented, instead, that he would look to see if drafts of the Marital Dissolution Agreement existed. Plaintiff has represented to the Defendant and the Court that he has made such an inquiry and that he has found no drafts of the Marital Dissolution Agreement. The Court finds that the Plaintiff has fulfilled his representation to Defendant's counsel with regard to the drafts of the Marital Dissolution Agreement.

Accordingly, the Court finds the Defendant's request to compel the Plaintiff to produce drafts of the Marital Dissolution Agreement is not well-taken, and it is **DENIED**.

**C.  Conclusion**

For the reasons stated herein, the Motion to Compel **[Doc. 42]** is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge